UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. AGNONE, et al.,<br><br>　　　　　Defendants. | No.  2:15-cv-1223 TLN KJN P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

　　　Plaintiff is a state prisoner, proceeding without counsel.  On April 26, 2016, the undersigned found that plaintiff's second amended complaint stated potentially cognizable First, Eighth and Fourteenth Amendment claims for relief against defendants Reynolds and Agnone.  (ECF No. 13.)  Defendants filed a motion to dismiss this action as barred by the statute of limitations.  As set forth below, defendants' motion should be granted.

II. Legal Standard for Motion to Dismiss

　　　Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff.  Jenkins v.

1

1  McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir.
2  1999).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more
3  than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a
4  cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,
5  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
6  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim
7  upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.
8  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
9  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556
10 U.S. at 678.  Attachments to a complaint are considered to be part of the complaint for purposes
11 of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard Reiner & Co.,
12 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).
13     A motion to dismiss for failure to state a claim should not be granted unless it appears
14 beyond doubt that the plaintiff can prove no set of facts in support of his claims which would
15 entitle him to relief.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  In general, pro se
16 pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner,
17 404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.  Bretz
18 v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*).  However, the court's liberal
19 interpretation of a pro se complaint may not supply essential elements of the claim that were not
20 pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).
21 III.  Plaintiff's Claims
22     Plaintiff alleges that in May of 2011, defendants Agnone and Reynolds attacked plaintiff
23 without provocation, allegedly causing plaintiff significant physical and emotional injury.
24 Plaintiff contends that the attack was based on defendants' racial hatred and desire to keep
25 plaintiff from complaining about the destruction of his personal property.
26 ////
27 ////
28

IV. Background[1]

On June 8, 2012, plaintiff paroled from state prison and was then housed at the Atascadero State Hospital as a mentally disordered offender ("MDO"). (ECF No. 17-2 at 11.) On October 3, 2012, plaintiff was released and paroled to Walnut Creek, California, on October 8, 2012. (ECF No. 17-2 at 10.)

V. Statute of Limitations

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55. However, the new statute of limitations period does not apply retroactively. Maldonado, 370 F.3d at 955. California law also tolls for two years the limitations period for inmates "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Cal. Civ. Proc. Code § 352.1.[2]

VI. Equitable Tolling

This court must apply California law governing equitable tolling. Jones, 393 F.3d at 927. Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to

---

[1] Defendants ask the court to take judicial notice of the California Department of Corrections and Rehabilitation ("CDCR") Archive Record containing the chronological history of plaintiff's incarceration because it is a public record. Good cause appearing, defendants' request is granted, and t**Error! Main Document Only.**he court takes judicial notice of these public records. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

[2] "The California courts have read out of the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling." Jones, 393 F.3d at 927 n.5 (citations omitted).

lessen the extent of his injuries or damage.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting Addison v. California, 21 Cal. 3d 313, 317 (1978)). Thus, in an appropriate case, the statute of limitations might be tolled for time spent pursuing a remedy in another forum before filing the claim in federal court. "California courts apply equitable tolling 'to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice.'" Jones, 393 F.3d at 928 (quoting Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003)).

VII. Discussion

The bulk of plaintiff's opposition is devoted to plaintiff's claims that defendants have attempted to declare him a vexatious litigant and demand security, and he argues that the court should not make such findings. (ECF No. 21, *passim*.) Plaintiff claims that he filed his motion within the two year limitations period, citing his proof of service (ECF No. 21 at 19), and asserts he is a pro se litigant with limited knowledge of the law who is entitled to a liberal construction of his pleadings (ECF No. 21 at 15-18).

In this action, plaintiff's claim accrued on May 31, 2011, the date he alleges defendants Reynolds and Agnone assaulted plaintiff. (ECF No. 12 at 3.) Therefore, under California law, the statute of limitations was tolled for the remainder of plaintiff's incarceration until he paroled on June 8, 2012. The limitations period began to run on June 8, 2012, and expired on June 8, 2014. Because June 8, 2014 was a Sunday, plaintiff had until Monday, June 9, 2014, in which to file his civil rights action against defendants. Plaintiff did not file the instant action until June 8, 2015,[3] almost one year after the limitations period expired. Thus, absent facts demonstrating that plaintiff is entitled to equitable tolling under California law, plaintiff's claims are barred by the statute of limitations.

Plaintiff's proof of service appended to his complaint is dated May 27, 2015. (ECF No. 1 at 13.) Thus, plaintiff's reliance on such proof of service is unavailing.

---

[3] Because plaintiff was not incarcerated at the time this action was filed, he is not entitled to benefit from the mailbox rule. "[T[he Houston mailbox rule applies to § 1983 complaints filed by pro se prisoners." Douglas v. Noelle, 567 F.3d at 1109, citing Houston v. Lack, 487 U.S. 266, 275-76 (1988).

Plaintiff bears the burden to plead facts demonstrating he is entitled to equitable tolling. Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993); see also Kleinhammer v. City of Paso Robles, 385 Fed. App'x 642, 643 (9th Cir. 2010). Here, plaintiff has not met such burden because his arguments fail to demonstrate that he is entitled to equitable tolling under California law.

Moreover, even assuming *arguendo* that plaintiff's housing in Atascadero State Hospital constituted extraordinary circumstances that prevented him from pursuing litigation and entitled him to equitable tolling under California law, plaintiff's filing remains time-barred. Equitably tolling the limitations period from June 8, 2012, through October 8, 2012, the limitations period would expire on October 8, 2014. Thus, even if plaintiff were entitled to equitable tolling, his June 8, 2015 filing exceeded the limitations period by eight months.

VIII.  Conclusion

For all of the above reasons, plaintiff's complaint is barred by the statute of limitations; thus, defendants' motion should be granted.

IT IS HEREBY ORDERED that defendants' request to take judicial notice (ECF No. 17-2) is granted; and

IT IS RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 17) be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

////

////

5

appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 24, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/beny1223.mtd.sol